IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| NATASCHA LINDEMANN,<br><br>　　　Plaintiff,<br><br>v.<br><br>NEXTEX MOD #1 LLC d/b/a MOD FACIAL, and DOES 1-10, inclusive,<br><br>　　　Defendants. | Case No. 4:25-cv-638<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NATASCHA LINDEMANN by and through her undersigned counsel, brings this Complaint against Defendants, NEXTEX MOD #1 LLC d/b/a MOD FACIAL, and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Natascha Lindemann ("Lindemann") is an individual and professional photographer residing in Germany.

3. Upon information and belief, Defendant NEXTEX MOD #1 LLC d/b/a MOD FACIAL ("Mod") is a Texas limited liability company with its principal place of business at 5801 Long Prairie Road Suite 860, Flower Mound TX 75208.

1
COMPLAINT

4. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of Texas and/or Defendants transact business in the State of Texas.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

9. Lindemann is a successful beauty and product photographer whose Instagram account, which features her work, has amassed over 147,000 followers.

10. Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics.

11. Lindemann's work has also been featured in publications such as *Women's Health Magazine*, *Harper's Bazaar*, and *Cosmopolitan*.

12. Lindemann's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Lindemann's work deters would-be infringers from copying and profiting from her work without permission.

13. Lindemann is the sole author and exclusive rights holder to a photograph of a female model smiling with her eyes closed, and a white skincare product applied to her face ("Skincare Photograph").

14. Attached as Exhibit A is a true and correct copy of the Skincare Photograph.

15. Lindemann registered the Skincare Photograph with the United States

Copyright Office under Registration Number VA 2-305-168 with an Effective Date of Registration of June 22, 2022.

16. Attached as Exhibit B is a true and correct copy of the Copyright Registration Certificate for the Skincare Photograph.

17. Mod is a skincare spa specializing in personalized facials. *See generally* modfacial.com.

18. Upon information and belief, Mod controls and manage the Instagram account @modfacials www.instagram.com/modfacials ("Mod Instagram Account").

19. At all relevant times, the Mod Instagram Account were readily accessible to the general public throughout Texas, the United States, and the world.

20. Mod generates content on the Mod Instagram Account for commercial purposes to attract user traffic to Mod, to market and promote Mod's services and products, and to increase the customer base and revenue for the company.

21. At all relevant times, Mod had a direct financial interest in the content and activities of the Mod Instagram Account (including the activities alleged in this Complaint).

22. At all relevant times, Mod had the ability to supervise and control all content on the Mod Instagram Account.

### *Defendants Unauthorized Use of the Skincare Photograph and Willful Infringement*

23. On or about September 14, 2024, Lindemann discovered her Skincare Photograph being used in a post on the Mod Instagram Account with the caption "Counting down to our big news? 3 more days!!! STAY TUNED" ("Instagram Post").

24. Attached hereto as Exhibit C is a true and correct screenshot of the Skincare Photograph as used in the Instagram Post on the Mod Instagram Account.

25. On or about March 21, 2025, Lindemann discovered the Skincare Photograph being used as a thumbnail (or "cover image") for a video post on the Mod Instagram Account ("Thumbnail Post").

26. Attached hereto as Exhibit D is a true and correct screenshot of the Thumbnail Post on the Mod Instagram Account.

27. The Instagram Post and the Thumbnail Post shall be jointly referred to as the "Infringing Posts."

28. The purpose of the use of the Skincare Photograph on the Mod Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Mod's marketing goals to entice customers to purchase services and/or products from Mod.

29. The purpose of the use of the Skincare Photograph in the Infringing Posts was to promote Mod's services and product offerings by providing visual

content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Mod's products.

30. Lindemann did not provide permission or authorization to Mod to use, make a copy of, or publicly display the Skincare Photograph on the Mod Instagram Account.

31. Mod (including its employees, agents, contractors, or others over whom it has responsibility and control) created an unauthorized copy of the Skincare Photograph and caused it to be uploaded to and displayed on the Mod Instagram Account.

32. Mod (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Lindemann's original and unique Skincare Photograph in order to acquire a direct financial benefit, through revenue from the sales of Mod's services and products, from the use of the Skincare Photograph.

33. After discovering the unauthorized use of the Skincare Photograph, Lindemann, through his counsel, sent correspondence to Mod in an attempt to resolve this matter.

34. The parties were unable to resolve the matter.

# CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, *et seq.*

35. Lindemann incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Lindemann owns a valid copyright in the Skincare Photograph.

37. Lindemann registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Defendants (including the employees, agents, contractors, or others over whom they have responsibility and control) copied and displayed Lindemann's unique and original Skincare Photograph without Lindemann's consent or authorization in violation of 17 U.S.C. § 501.

39. Defendants willfully and deliberately infringed upon Lindemann's rights in her copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Skincare Photograph.

40. As a result of Defendant's violations of Title 17 of the U.S. Code, Lindemann has sustained significant injury and irreparable harm.

41. As a result of Defendant's violations of Title 17 of the U.S. Code, Lindemann is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Lindemann's election, statutory

damages pursuant to 17 U.S.C. § 504(c).

42. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Lindemann prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Lindemann's copyright interest in the Skincare Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Lindemann's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 13, 2025                                   Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
15900 La Cantera PKWY
Suite 26255
San Antonio, TX 78256
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Natascha Lindemann, hereby demands a trial by jury in the above matter.

Dated: June 13, 2025                    Respectfully submitted,

/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
15900 La Cantera PKWY
Suite 26255
San Antonio, TX 78256
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*